# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-01588-SVW-DTB | Date | September 1, 2016 |
| Title | *Marilyn Butterworth et al v. CVS Pharmacy, Inc., et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND

### Background

    Plaintiff Marilyn Butterworth alleges that she was severely injured when the sliding glass door of a Longs Drugs (erroneously sued as CVS Pharmacy) slammed shut on her suddenly and without warning causing her to sustain a fracture to her femur. Dkt. 11. Plaintiff's complaint alleges state claims only. *Id.* On July 20, 2016, Defendants removed this case to federal court on the basis of diversity jurisdiction. Dkt. 1. Defendant used a Statement of Damages ("SOD") which requested more than $405,000 to establish the amount in controversy requirement. *Id.* Plaintiff now asks this Court to remand the case claiming that Defendants failed to follow proper procedure in removing the case and that an SOD cannot be used to establish amount in controversy.

### Analysis

    As a preliminary matter, The Plaintiffs have not filed a Reply for their motion to remand. This motion was scheduled for a hearing on September 12, 2016. Pursuant to Local Rule 7-10, a Reply brief is due fourteen (14) days before the hearing date. In this case, the Reply was due August 29, 2016. Thus, any Reply filed at this point would be considered late. Pursuant to Local Rule 7-12, if a document is filed late the Court may decline to consider it.

    As for the merits, Federal Rule of Civil Procedure 5(a) lists the documents that require service and Removal is not one of them. Plaintiff cites no authority that Rule 5 governs Removal procedures or a

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-01588-SVW-DTB | Date | September 1, 2016 |
|---|---|---|---|
| Title | *Marilyn Butterworth et al v. CVS Pharmacy, Inc., et al* | | |

single case that was remanded for these reasons. If Rule 5 governed, then 28 U.S.C. § 1446(d) would be rendered superfluous. If all Plaintiffs already have notice of Removal pursuant to Rule 5 they would not need to be noticed *again* promptly after filing for Removal. Instead, 28 U.S.C. § 1446(d) directly governs Removal procedures and Plaintiff makes no argument that Defendant failed to comply with this Section.

Further, "other paper" in 28 U.S.C. § 1446(b)(3) clearly includes a Statement of Damages, evidenced by the plain meaning of the words, the case *McCormick v. Excel Corp.*, 413 F.Supp.2d 967 (2006), and the several cases Defendant cites on page five (5) of their Opposition. *See* Dkt. 14.

Plaintiff does not argue that there is no diversity between the parties or that the amount in controversy has not been met.

For these reasons, the Court DENIES Plaintiffs Motion to Remand. Further, the parties must follow Local Rule 7-3 for the remainder of this case. For this particular motion the Defendants suffered no real prejudice by Plaintiff's alleged misconduct, so the Court declines to take further action at this time. *See Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912 *6 (C.D. Cal. Apr. 2, 2013) (considering a motion on its merits when no real prejudice resulted from a failure to comply with Local Rule 7-3).

:

Initials of Preparer

PMC